UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-23887-KMM

SANTRINESS ANGEL JOHNSON,

    Plaintiff,

v.

KILOLO KIJAKAZI,
*Acting Commissioner of the Social Security Administration*,

    Defendant.
_____/

### REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court upon Plaintiff Santriness Angel Johnson's Unopposed Application for Attorney Fees and Costs (ECF No. 23), under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The matter was referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, to take all necessary and proper action as required by law with respect to the Motion. (ECF No. 25). Having reviewed the Motion, the record as a whole, and being otherwise fully apprised in the matter, the undersigned respectfully recommends that Plaintiff's Motion (ECF No. 23) be **GRANTED**.

Plaintiff filed the instant Motion seeking $954.92 in attorney's fees. The EAJA empowers the Court to grant "reasonable fees and expenses of attorneys." *McCullough v. Astrue*, No. 08-61954-CIV, 2009 WL 2461798, at *1 (S.D. Fla. Aug. 10, 2009). Under the EAJA, a party is eligible for an award of attorney's fees if: (1) the party is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party timely files an application for attorney's fees; (4) the party had a net worth of less than

$2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d). Plaintiff has satisfied these requirements.

The United States Supreme Court has acknowledged that a Social Security claimant who obtains a sentence-four order reversing the Commissioner of Social Security's denial of benefits is a prevailing party for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 301–02 (1993) (finding that a sentence-four remand terminates the litigation and results in victory for the plaintiff).

Here, the Acting Commissioner's motion to remand this case was granted pursuant to sentence four of U.S.C. § 405(g) and the case was remanded to the Acting Commissioner for further proceedings. (ECF No. 21). Accordingly, Plaintiff is a prevailing party under the EAJA.

Next, the Court determines whether the Acting Commissioner's position was substantially justified or whether circumstances exist which would make an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A). "To be 'substantially justified' under the EAJA, the government's position must be 'justified to a degree that could satisfy a reasonable person,'" meaning that it must have a "reasonable basis both in law and fact." *Monroe v. Comm'r*, 569 F. App'x 833, 834 (11th Cir. 2014). Given the unopposed nature of the instant Motion, the Court finds that the Acting Commissioner has not met her burden of showing that her position was substantially justified.

Plaintiff timely filed her Motion, which the Acting Commissioner does not oppose.[1]

---

[1] Specifically, the District Court's February 14, 2023 Order remanding this case to the Acting Commissioner under sentence four of § 405(g) was filed on February 15, 2023 and entered on the docket on February 16, 2023. (ECF No. 21). On February 21, 2023, the District Court entered a "Paperless Order Dismissing Case / Closing Case per ECF No. 21" pursuant to its February 14, 2023 Order of remand. (ECF No. 22). "An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry." *Lopez for Diaz v. Kijakazi*, No. 21-CV-23765, 2022 WL 18108509, at *2 (S.D. Fla. Dec. 20, 2022), *report and recommendation adopted*, No. 21-23765-CIV, 2023 WL 34674 (S.D. Fla. Jan. 4, 2023) (Damian, Mag. J.) (quoting *Delaney v. Berryhill*, No. 17-81332, 2018 WL 7820219, at *1 (S.D. Fla. Nov. 14, 2018)); *see also* 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G); *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991) ("The 30-day EAJA clock begins to run after the time to appeal that

Moreover, pursuant to Plaintiff's Motion and *in forma pauperis* status (ECF Nos. 9, 23), the Court accepts Plaintiff's net worth to be less than $2,000,000.00.

Accordingly, the Court finds that Plaintiff is entitled to an award of attorney's fees under the EAJA.

Plaintiff through her attorney, Tod W. Read, Esq., seeks $954.92 in attorney's fees for 4 hours of work performed in 2022 and 2023, (ECF No. 23 at 5–6), consisting of 1.7 hours of work performed in 2022 at an adjusted rate of $234.95, and 2.3 hours of work performed in 2023 at an adjusted rate of $241.52. Though the EAJA sets a ceiling of $125.00 per hour for attorney's fees, courts may raise the ceiling based on cost of living increases. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). "The Eleventh Circuit has made clear that the application of the cost-of-living adjustment is considered 'next to automatic.'" *Lopez for Diaz*, 2022 WL 18108509, at *3 (quoting *Meyer v. Sullivan*, 958 F.2d 1029, 1035 n.9 (11th Cir. 1992)).

The Court finds the requested rates reasonable, which the Court has independently calculated as $234.95 for 2023 and $241.52 for 2023 based on adjustments accounting for the Consumer Price Index.[2] While Plaintiff's counsel did not provide a worklog accounting for the

---

'final judgment' has expired."). Thus, the instant Motion was timely filed on March 30, 2023, within 90 days of the District Court's February 21, 2023 paperless order closing the case or within 90 days of the District Court's February 14, 2023 Order of remand.

[2] The adjusted rates are determined using the following formula, which represents the percent increase in the CPI from March 1996, applied to the statutory rate:

$$\text{"Adjusted Statutory Cap"} = ((("Annual CPI for the relevant year"} - 155.7)/155.7) + 1) \times \$125.00$$

where "155.7" represents the March 1996 CPI rate and "$125" represents the statutory rate under the EAJA. *Barbee v. Berryhill*, 339 F. Supp. 3d 1262, 1270 n.4 (N.D. Ala. 2018); *see also Fernandez v. Kijakazi*, No. 22-22724-CIV, 2023 WL 2898509, at *2 n.1 (S.D. Fla. Mar. 31, 2023), *report and recommendation adopted sub nom. Fernandez v. Acting Comm'r of Soc. Sec.*, No. 22-22724-CIV, 2023 WL 2895156 (S.D. Fla. Apr. 11, 2023) (Goodman, Mag. J.); U.S. Bureau of Labor Statistics, CPI-All Urban Consumers (Current Series), http://data.bls.gov/cgi-bin/surveymost?bls (check the box for "include annual averages"). Applied here, the annual CPI for 2022 is 292.655. The March 1996 CPI is 155.70. Subtracting the March 1996 CPI of 155.70 from the 2022 annual CPI of 292.655, dividing by 155.70, adding 1, and multiplying by 125, the Court calculates the adjusted rate for 2022 as $234.95, which is the rate Plaintiff requests. To calculate the adjusted rate for 2023, the Court uses the same method as above as for 2022. But because an annual CPI for 2023 is not yet available, the Court uses the CPI for February 2023: while Plaintiff's counsel does not attest to whether the 2.3 hours of work performed in 2023 were performed in January or

4.0 hours of time spent working on Plaintiff's case, the undersigned finds Plaintiff's request for attorney's fees to be reasonable in light of the Parties' agreement that Plaintiff would seek recovery of a reduced amount of attorney's fees, *see* (ECF No. 23 at 5–6) (noting that Plaintiff's counsel spent 4.9 hours on this case but is seeking reimbursement for only 4.0 hours).

Moreover, the undersigned finds that the award of attorney's fees under the EAJA should be paid directly to Plaintiff's counsel, subject to offset against any pre-existing debt Plaintiff may owe to the United States of America. While Plaintiff's assignment of any award of fees under the EAJA to her counsel, (ECF No. 23 at 4), does not comply with the Anti-Assignment Act, 31 U.S.C. § 3727(b),[3] the Acting Commissioner has not objected to the assignment or to Plaintiff's instant Motion. *See Romero v. Comm'r of Soc. Sec.*, No. 1:21-CV-22246, 2022 WL 2289222, at *4 (S.D. Fla. June 14, 2022), *report and recommendation adopted*, No. 21-22246-CIV, 2022 WL 2290578 (S.D. Fla. June 24, 2022).

Accordingly, the undersigned recommends that Plaintiff Santriness Angel Johnson's Unopposed Application for Attorney Fees and Costs (ECF No. 23), under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), be **GRANTED** and that Plaintiff be awarded a total of **$954.92** in attorney's fees, to be paid to Plaintiff's counsel, contingent upon a determination by Defendant that Plaintiff owes no qualifying debt(s) to the United States of America.

A party shall serve and file written objections, if any, to this Report and Recommendations

---

February, Plaintiff's calculation for the adjusted rate uses only the February 2023 CPI. Review of the docket reveals no activity by Plaintiff's counsel during January 2023 and thus the Court finds reasonable the use of the February 2023 CPI. *See Barbee*, 339 F. Supp. 3d at 1270 n.5 (using the average CPI for the first 9 months of the relevant year because an annual CPI for that year was not yet available and because those 9 months were the time period in that year during which the attorney worked on the case). The Court calculates the 2023 adjusted rate to be $241.52 based on a February 2023 CPI of 300.840.

[3] The Act provides in relevant part: "An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged." 31 U.S.C. § 3727(b).

with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

      **RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, on this 10th day of May, 2023.

                                                  LAUREN F. LOUIS
                                                  UNITED STATES MAGISTRATE JUDGE

cc:      Honorable K. Michael Moore
          Counsel of Record